*905 OPINION.
KeRn:
As has been stated already, the issues in this controversy concern the prepaid dividends on the preferred stock and the prepayment of the interest on the note which was issued in place of the preferred stock certificates. The dividends due on the stock in the years 1936 and 1937 were paid to the trustees in the years 1935 and 1936, respectively, but were not distributed by them to the life beneficiary of the trust until 1936 and 1937. The interest on the note for the year 1938 was paid to the trustees in 1937 but was not distributed to the life beneficiary until 1938. The question presented is whether such items of income to the trustees are “to be distributed currently” within the meaning of section 162 (b) of the Revenue Acts of 1934 and 1936, set out in the margin,[1] and, therefore, to be included in the taxable income *906 of the life beneficiary in the years in which they were received by the trustees, although not actually distributed until subsequent years.
The decisive consideration is whether the amounts received by the trustees were paid to them as current income or whether they should be considered advances of income for succeeding years. Sental income, for instance, paid in advance to a trustee may not be distributed currently to the life beneficiary but must be held by the trustee and distributed periodically to the persons entitled thereto in each period when the rent would normally be paid. Johnson v. Collamore, 271 Mass. 521; 171 N. E. 717. On the other hand, a so-called “annual consideration payment” in the nature of a bonus to assure continued tenure after the expiration of a current lease is not treated as advance rental, but as current income distributable in the year of receipt. Thalia W. Malcom, 36 B. T. A. 358; affd., 97 Fed. (2d) 381. Likewise, ordinary dividends are distributable in full to the life beneficiary living at the time of declaration and are not apportionable between such beneficiary and the remainderman. Adams v. Adams, 139 Mass. 449; N. E. 746.
We must determine, first, under which of the foregoing rules the dividends fall. The dividends paid in December of 1935 and 1936 were, in a sense, ordinary dividends. They were not ordinary, however, in the sense of having been earned at the time of declaration and payment. The stock upon which they were paid was preferred stock paying 6 percent annual dividends and no more. For both 1935 and 1936 the full 6 percent had been paid and the stockholder was entitled to no more. When an extra payment was made in December of each year it was in the nature of an advance payment, analogous to the advance payment in Johnson v. Collamore, supra, rather than a payment for current use of property as in the Malcom case, supra. Whether the trustees properly treated the dividends as income in the year of receipt is not before us for decision. As to the beneficiary, we are of the opinion that, in view of the dividends being advance payments, she was not entitled to them in the year of payment and they were, therefore, not currently distributable.
The situation with respect to the interest paid in December 1937 is different from that as to the dividends. From the terms of the note on which the interest was paid it is clear that no interest on the principal was ever intended to be paid to the remainderman. The note recites that the interest is to continue until the principal is paid. The latter event was to take place “on or before December 31, 1943, or in the event of the prior death of Florence H. Watkins”, the petitioner. Clearly all interest payments were for her sole benefit. And, since the remaindermen had no right to them, even contingently, we must conclude that the interest payment made on De *907 cember 31, 1937, was currently distributable to the petitioner. Regardless of the fact that it was not distributed to petitioner until 1938, the entire amount is income taxable to the petitioner in the year 1937, since it was distributable to her in that year.
Petitioner has conceded that an adjustment made by the respondent in the amount of $40, which was added to her gross income for the year 1935 is correct, and, consequently, this amount is no longer in issue. As to the refund for the year 1937 in the amount of $10.31, there has been no explanation or proof offered by the petitioner on this issue and, therefore, we disallow the claimed refund.

Decision will be entered under Bule SO.

 SEC. 162. NET INCOME.
The net income of the estate or trust shall be computed in tbe same manner and on the same basis as in the case of an individual, except that—
‡ * >lc $ # 4 *
(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *